UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCES K. EWING,
on behalf of plaintiff and a class,

    Plaintiff,

-vs-

ONE SOURCE MEDICAL SUPPLY, LLC
and JOHN DOES 1- 10,

    Defendants.

## COMPLAINT – CLASS ACTION

*Plaintiff is not aware of any related cases.*

1. Plaintiff, Frances K. Ewing, brings this action to secure redress for the actions of One Source Medical Supply, LLC, and John Does 1-10 for placing telemarketing calls to plaintiff's telephone, which is on the National Do Not Call List, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1367.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

3. This Court has personal jurisdiction, and venue is proper, because defendant placed telemarketing calls into this District for the purpose of soliciting business, which calls were unlawful and tortious.

## PARTIES

4. Plaintiff Frances K. Ewing is a resident of St. Clair Shores, Michigan.

5. Defendant One Source Medical Supply, LLC, is a limited liability company with offices at 1829 Park Lane South, Suites 8-9, Jupiter, FL 33458.

6. Defendants John Does 1-10 are other natural or artificial persons that were involved in the placement of the calls described below.  Plaintiff does not know who they are.

## FACTS

7. Plaintiff's cell phone number (ending in 8826) is her residential telephone, is on the National Do Not Call Registry, and has been so listed since November 7, 2012.

8. On September 8, 2017, plaintiff received at least two calls from defendant seeking to seller her diabetic supplies.  The calls displayed the number 586-473-5297.

9. Return calls to 586-473-5297 are answered by persons who gave the defendant's name and address.

10. Plaintiff believes that she received numerous other calls from the same source.

11. Plaintiff asked defendant to stop calling, to no avail.

12. Plaintiff did not consent to or request defendant to make the calls and had no prior relationship with defendant.

13. Under Federal Communications Commission regulations implementing the Telephone Consumer Protection Act, 47 U.S.C.  §227, it is unlawful to place calls to numbers on the "do not call" list.

14. 47 C.F.R. 64.1200(c) provides:

    **No person or entity shall initiate any telephone solicitation to: . . .**

**(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:**

> **(i) It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the following standards:**
>
> > **(A) Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;**
> >
> > **(B) Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;**
> >
> > **(C) Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;**
> >
> > **(D) Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.**
> >
> > **Note to paragraph (c)(2)(i)(D): The requirement in paragraph 64.1200(c)(2)(i)(D) for persons or entities to employ a version of the national do-not-call registry obtained from the administrator no more than 31 days prior to the date any call is made is effective January 1, 2005. Until January 1, 2005, persons or entities must continue to employ a version of the registry obtained from the administrator of the registry no more than three months prior to the date any call is made.**
> >
> > **(E) Purchasing the national do-not-call database. It uses a process to ensure that it does not sell, rent, lease, purchase or use the national do-not-call database, or any part thereof, for any purpose except compliance with this section and any such state or federal law to prevent telephone solicitations to telephone numbers registered on the**

> national database. It purchases access to the relevant do-not-call data from the administrator of the national database and does not participate in any arrangement to share the cost of accessing the national database, including any arrangement with telemarketers who may not divide the costs to access the national database among various client sellers; or
>
> **(ii) It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed; or**
>
> **(iii) The telemarketer making the call has a personal relationship with the recipient of the call. . . .**

15. On information and belief, defendants have made unsolicited telemarketing phone calls to at least 40 other persons.

16. Plaintiff suffered loss from the calls, in the form of:

    a.  Consumption of cellular phone minutes;

    b.  Consumption of electricity;

    c.  Annoyance and harassment.

17. Members of the class also suffered such injuries.

18. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited calls to avoid receiving them.

19. Defendants either negligently or willfully violated the rights of plaintiff and other recipients in making or arranging for the calls.

20. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited calls. The messages take time to retrieve, use memory and reduce battery life and are annoying. Furthermore, plaintiff's statutory right of privacy was invaded.

## COUNT I – TCPA

21. Plaintiff incorporates ¶¶ 1-20.

22. A private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC.

23. 47 U.S.C. §227(c)(5) provides:

   **(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--**

   **(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,**

   **(B) an action to recover for actual monetary loss from such a violation, or to receive up to $ 500 in damages for each such violation, whichever is greater, or**

   **(C) both such actions.**

   **It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.**

24. Plaintiff and each class member was harmed by the unwanted calls and is entitled to statutory damages.

25. Defendants violated the TCPA even if their actions were only negligent.

26. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

27. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

28. The class consists of (a) all persons (b) who had their telephone number(s) registered with the National Do Not Call Registry, (c) to which numbers defendant made more than one telephone call, (d) promoting defendant's products or services, (e) within any 12-month period, and (f) who never provided prior express consent to receive such calls.

29. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

30. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant systematically made telephone calls to persons whose telephone numbers were listed on the National Do Not Call Registry; and

    b. Whether defendant thereby violated the TCPA.

31. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring

individual actions.

33. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC,* 289 F.R.D. 674 (S.D. Fla. 2013); *Mitchem v. Illinois Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan 5, 2011), *later opinion*, 2011 WL 211013, 2011 U.S. Dist. LEXIS 5763 (N.D. Ill. Jan. 21, 2011), *later opinion*, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill. June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11 CV 1009 JLS (MDD), 2012 WL 1932283, 2012 U.S. Dist. LEXIS 73983 (S.D. Cal. May 29, 2012). Other cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH,*

*Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.*, 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

34. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. An injunction against further unlawful calls;

    iii. Costs of suit;

    iv. Such other or further relief as the Court deems just and proper.

### COUNT II – UNFAIR AND DECEPTIVE ACTS AND PRACTICES

35. Plaintiff incorporates ¶¶ 1-20.

36. M.C.L.A. § 445.111a requires, as a matter of state law, compliance with the federal "do not call" registry.

37. M.C.L.A. § 445.111c(1)(f) makes it an unfair and deceptive act or practice to violate M.C.L.A. § 445.111a.

38. M.C.L.A. § 445.111c(3) provides: "(3) A person who suffers loss as a result of violation of this section may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorney fees."

## CLASS ALLEGATIONS

39. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

40. The class consists of (a) all persons in Michigan (b) who had their telephone number(s) registered with the National Do Not Call Registry, (c) to which numbers defendant made one or more telephone calls, (d) promoting defendant's products or services and (e) who never provided prior express consent to receive such calls.

41. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant systematically made telephone calls to Michigan persons whose telephone numbers were listed on the National Do Not Call Registry; and

    b. Whether defendant thereby violated M.C.L.A. § 445.111c.

43. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

45. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other or further relief as the Court deems just and proper.

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
Adam G. Taub (P48703)
17200 W 10 Mile Rd Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

/s/ Daniel A. Edelman
Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 South Clark Street, Suite 1500

Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Email: dedelman@edcombs.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

>             /s/ Daniel A. Edelman
>             Daniel A. Edelman

T:\34693\Pleading\Complaint DAE 12-29-17_Pleading.WPD